UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HEATHER MCKAY,

        Plaintiff,

v.                                                      Case No. 23-cv-0867-bhl

KILOLO KIJAKAZI,
Acting Commissioner of SSA,

        Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE

On June 29, 2023, Plaintiff Heather McKay, proceeding *pro se*, filed a Social Security Complaint seeking review of a final decision by the Acting Commissioner of the Social Security Administration. (ECF No. 1.) That same day, she moved for leave to proceed without prepayment of the filing fee. (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, fails to state a claim, or is brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2). The Court must also review the complaint for sufficiency. If the complaint fails to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013). Similarly, a frivolous complaint must also be dismissed. 28 U.S.C. §1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)).

In her motion, McKay states that she is homeless and has no income from employment or any other source. (ECF No. 2 at 1.) She has no cash or money in a checking or savings account. (*Id.* at 2.) On these facts, it appears that McKay is sufficiently indigent for a fee waiver.

With respect to the merits of the petition, McKay faces a potential statute of limitations issue. She states that in 2014, she was "[d]eemed disabled by [the] United States." (ECF No. 1 at

3.)  McKay further alleges that in 2016, this decision was "overturned." (*Id.*)  In 2018, McKay claims she "resued" and a "medical claim and application for disability was filed in the state of Washington." (*Id.*)  She further claims that while she was hospitalized, the claim was closed "with no notification" to her or her attorney, Seattle Benefits Center. (*Id.*)  It appears that McKay, who is now residing Milwaukee, Wisconsin, is seeking review of a claim for benefits that was closed well over 4 years ago.[1]

Although a social security applicant has only 60 days from the final denial of a social security application to appeal that decision to the federal district courts, *see* 42 U.S.C. § 405(g), "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).  The statute of limitations is "contained in a statute that Congress designed to be 'unusually protective' of claimants." *Id.* at 480 (citing *Heckler v. Day*, 467 U.S. 104, 106 (1984).  A court may equitably toll a filing deadline where the plaintiff diligently pursued her rights and yet an extraordinary circumstance prevented the plaintiff from complying with the deadline. *See Nielson v. Astrue,* No. 10 C 4647, 2011 WL 2214622, at *2 (N.D. Ill. June 6, 2011).  Whether this case might warrant tolling cannot be resolved at this stage of the proceedings.  McKay appears to claim that it was legal error for her benefits to not have been reinstated in 2018.  (ECF No. 1 at 3.)  This is not frivolous and states an arguable claim.  As a result, the Court will grant McKay's request to waive prepayment of the filing fee.

The Court also notes that McKay filed a separate cause of action in this Court on May 31, 2023, against the United States.  See *McKay v. United State of America*, Case No. 23-cv-0671 (E.D. Wis. 2023).  In that matter, Magistrate Judge Stephen C. Dries issued a report and recommendation, indicating that the case be dismissed.  Judge Dries noted that although McKay represented the case as a Social Security case, "the overwhelming majority of the complaint consist[ed] of unbelievable factual assertions that bear no relation to a Social Security claim." *See Id*. at ECF No. 9 at 3.  Judge Dries further noted that while a claim for the reinstatement of her Social Security benefits could be valid, the factual allegations underlying her claim in 23-cv-0671 were "irrational and wholly incredible." *See Id*.  On July 27, 2023, the Court adopted Judge Dries's Report and Recommendation and found that the record supported the magistrate judge's

---

[1] Because McKay now resides in Milwaukee, her filing is this district appears proper. *See* 42 U.S.C. §405(g) (Social Security appeals "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides.").

conclusion that McKay's suit was frivolous. *Id*. at ECF No. 12 at 2. McKay has not asserted those allegations in this complaint and instead appears to be asking for a review of her benefits case and reinstatement of those benefits. At this juncture, the Court will allow her case to proceed.

**IT IS HEREBY ORDERED** that Plaintiff Heather McKay's motion for leave to proceed without prepayment of the filing fee, ECF No. 2 is **GRANTED**.

Dated at Milwaukee, Wisconsin on July 31, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge